993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abilio F. COLACO; Rita F. Colaco, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 92-55050.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided May 6, 1993.
 
 Before WALLACE, Chief Judge, and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abilio F. Colaco and Rita F. Colaco appeal the district court's grant of summary judgment in favor of insurer State Farm Fire and Casualty Company (State Farm) in their action which alleged breach of their insurance contract and breach of the covenant of good faith and fair dealing. We reverse and remand.
 
 
 3
 The Colacos own a duplex which was insured by State Farm. In 1986, Mr. Colaco and his tenant, Keith Reimer, discovered a broken water pipe buried under the soil where it entered the duplex. A plumber repaired the water line by digging a hole in the front yard and replacing the pipe. No part of the duplex was affected by the repair work itself, as all the work was done outside. When Reimer moved out in 1990, Colaco found cracks in the walls and the foundation of the duplex.
 
 
 4
 Engineers called in by Colaco reported that the damage had been caused by seepage from the leaking water pipe, but did not opine as to the duration of the leakage. The plumber, however, later testified that he believed that the pipes had broken "suddenly," because plastic pipes are not subject to gradual deterioration. Mrs. Colaco testified that she also believed that the breakage had occurred suddenly, because the ground around the pipes had become soaked "all of a sudden."
 
 
 5
 The insurance policy contained a "Leakage Exclusion" which excluded losses caused by "leakage or seepage of water or steam unless sudden and accidental" from a plumbing system (emphasis added). The Exclusion added:
 
 
 6
 If loss is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped.
 
 
 7
 State Farm concluded that the Colacos' loss fell outside the policy's coverage, and denied their claim. As the district court found, there is "a genuine issue of material fact as to whether or not the water which resulted in the damage to [the Colacos'] property was caused by a 'sudden and accidental' discharge." However, the district court found that even if the damage had resulted from a sudden and accidental discharge, the State Farm policy effectively limited its liability to the cost of tearing out and replacing building parts to reach the pipe--damages the Colacos did not incur.
 
 A. The Efficient Proximate Cause Doctrine
 
 8
 The Colacos argue that under California's efficient proximate cause doctrine, as explained in Howell v. State Farm Fire & Casualty Co., 267 Cal.Rptr. 708, 712-15 (Cal.Ct.App.1990), an insurer may not deny its liability for damages arising out of a covered peril, where that peril was the efficient proximate cause of the loss. As we have recognized, that doctrine derives from Sabella v. Wisler, 377 P.2d 889, 894-97 (Cal.1963), and was recently reaffirmed by the California Supreme Court in Garvey v. State Farm Fire & Casualty Co., 770 P.2d 704, 707, 714-15 (Cal.1989). Allstate Ins. Co. v. Smith, 929 F.2d 447, 451 (9th Cir.1991).
 
 
 9
 The doctrine arises in cases of concurrent proximate cause, and makes an insurer liable for losses caused by a covered peril whenever that peril is the efficient proximate cause of the loss. Garvey, 770 P.2d at 707; Howell, 267 Cal.Rptr. at 714; Smith, 929 F.2d at 451. On the other hand, "coverage would not exist if the covered risk was simply a remote cause of the loss, or if an excluded risk was the efficient (meaning predominant) cause of the loss." Garvey, 770 P.2d at 707. The California Supreme Court explained that the efficient proximate cause is the " 'one that sets others in motion' " in the sense that it is the predominating cause. Id. at 708 (citation omitted).
 
 
 10
 The Colacos assert that the efficient proximate cause of their cracked walls was the sudden and accidental bursting of the water line--a covered peril. Thus, by their lights, once State Farm had chosen to insure for bursting pipes it was proscribed as a matter of law from limiting its liability to the cost of tearing out and replacing whatever part of the building was necessary to repair them. However, the doctrine does not mean that insurance companies cannot limit the extent or amount of their liability for a covered peril. Dollar and type of property limits are common examples. Moreover, we have recognized that generally "[a]n insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 321 (9th Cir.1989) (quoting Continental Casualty Co. v. Phoenix Constr. Co., 296 P.2d 801, 806 (1956)). Of course, we do not hold that the efficient proximate cause doctrine cannot, as a matter of law, apply to a case where a bursting water pipe sets in motion some other process that results in property damage.
 
 B. Ambiguity
 
 11
 "Under California law, ambiguities in insurance policy provisions are resolved in favor of the insured." Smith, 929 F.2d at 449; see also Producers Dairy Delivery Co. v. Sentry Ins. Co., 718 P.2d 920, 925 (Cal.1986). The Colacos correctly argue that the exception to the Leakage Exclusion is, at least, ambiguous because it can reasonably be read to mean either that State Farm excludes all costs from bursting pipes except those related to damages sustained to the building during repair, or that State Farm only excludes the cost of repairing or replacing the plumbing system itself. Indeed, the latter interpretation, when read in the context of the policy as a whole, seems more plausible. The policy does not say that it only covers tearing out and repair costs. The fact that it will cover those does not unambiguously lead to a conclusion that other damage caused by the sudden leak will not be covered.
 
 
 12
 Murray v. State Farm Fire & Casualty Co., 268 Cal.Rptr. 33 (Cal.Ct.App.1990), is not to the contrary. There, the California court analyzed the exception to the Leakage Exclusion entirely in the context of liability for "ensuing losses." Under the ensuing loss provision, coverage would only accrue if the ensuing loss itself were covered. The court had already found that the efficient cause of the Murrays' loss was leakage due to deterioration--an excluded peril. It does not appear that the court decided what the result would be if a sudden and accidental break did not "ensue" from a deterioration of the pipe. Again, we are unable to say that the policy unambiguously excludes all manner of damages that immediately result from a sudden break other than those damages incurred in repairing the break itself. For example, a sudden break might destroy a wall of a house or it might make large devastating cracks in that wall. We find nothing in the policy that unambiguously covers the former damage but not the latter. We certainly do not find any clear indication that neither would be covered because the policy "only" provides for tearing out and replacement costs.
 
 
 13
 Waldsmith v. State Farm Fire & Casualty, 283 Cal.Rptr. 607, 609 (Cal.Ct.App.1991), is distinguishable as well. There, the court found that losses caused by a discharge of water from a third party's plumbing system was not covered by the exception to the Leakage Exclusion. It was in that context that the court stated: "It would hardly be necessary to tear out any part of Waldsmith's building to repair the city's water main." Id.
 
 
 14
 Therefore, summary judgment should not have been granted against the Colacos on the basis that the only coverage available when a pipe bursts is the cost of tearing out part of the building to reach the pipe and then replacing that part.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3